# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MIGUEL ROBERTO LOPEZ BERNAL, <br><br> Petitioner, <br><br> vs. <br><br> DONALD J. TRUMP, et al. <br><br> Respondents. | No. C25-198-LTS-MAR <br><br> **MEMORANDUM OPINION AND ORDER** |

Petitioner Miguel Roberto Lopez Bernal is a Guatemalan national who entered the United States around 2013 without inspection. He is currently detained and facing removal proceedings. An Immigration Judge has determined that Lopez Bernal is ineligible for bond under the mandatory detention framework of 8 U.S.C. § 1225(b)(2). Lopez Bernal then petitioned (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he falls within a class of aliens eligible for bond under 8 U.S.C. § 1226(a). Respondents have filed a response (Doc. 8) and Lopez Bernal has filed a reply (Doc. 14).

I have already ruled that petitioners in similar situations do not fit the criteria of § 1225(b)(2). *Giron Reyes v. Lyons*, ___ F. Supp. 3d ___, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Chilel Chilel v. Sheehan*, No. 25-cv-4053, 2025 WL 3158617 (N.D. Iowa Nov. 12, 2025). I adopt the same reasoning here to find that Lopez Bernal is not subject to mandatory detention under § 1225(b)(2), and that a new bond redetermination hearing is necessary.[1]

---

[1] Lopez Bernal's reply also noted that he falls within a newly-certified nationwide class that independently controls his eligibility for bond. Doc. 14 at 6 (citing *Maldonado Bautista v. Santacruz*, ___ F.R.D. ___, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)). Respondents do not dispute that he fits within the class. Doc. 17 at 2. However, I conclude that I am able to

Thus, Miguel Roberto Lopez Bernal's habeas petition is **granted** and respondents are **directed** to provide Lopez Bernal with a bond redetermination hearing within **14 days** of the date of this order in which he is not deemed ineligible for bond under 8 U.S.C. § 1225(b)(2).

**IT IS SO ORDERED** this 17th day of December, 2025.

_____
Leonard T. Strand
United States District Judge

---

rule on his individual claim without addressing the class-certification issue. *See, e.g.*, *Garcia Rodriguez v. Raycraft*, No. 25-cv-13606, 2025 WL 3565685, at *6 n.4 (E.D. Mich. Dec. 12, 2025); *Montes Ramirez v. Lewis*, No. 25-cv-143, 2025 WL 3553676, at *4 n.6 (W.D. Ky. Dec. 11, 2025); *Fuentes v. Olson*, No. 25-cv-4456, 2025 WL 3524455, at *4 n.5 (D. Minn. Dec. 9, 2025).